2

CAUSE NO. 2011-67220



| | | |
|---|---|---|
| FUNimation ENTERTAINMENT, Plaintiff | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| A.D. VISION, INC., JOHN ROBERT LEDFORD II, AEsir HOLDINGS L.L.C., SXION 23, L.L.C., VALKYRIE MEDIA PARTNERS, L.L.C., SERAPHIM STUDIOS, L.L.C., SENTAI FILMWORKS, L.L.C., SENTAI HOLDINGS, L.L.C., and UNIO MYSTICA HOLDINGS, L.L.C., f/k/a UNIOMYSTICA, L.L.C. d/b/a SWITCHBLADE PICTURES, Defendants. | § § § § § § § § § § § | 151 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff FUNimation Entertainment ("FUNimation") complains of Defendants A.D. Vision, Inc., John Robert Ledford II, AEsir Holdings, L.L.C., Sxion 23, L.L.C., Valkyrie Media Partners, L.L.C., Seraphim Studios, L.L.C., Sentai Filmworks, L.L.C., Sentai Holdings, L.L.C. and Unio Mystica Holdings, L.L.C., f/k/a Uniomystica, L.L.C., d/b/a Switchblade Pictures, and upon information and belief for causes of action respectfully shows as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.



## B. PARTIES

2.  Plaintiff, a corporation, resides at 1200 Lakeside Parkway, Flower Mound, Texas 75028.

3.  Defendant A.D. Vision, Inc. ("ADV") is a domestic corporation with its principal office located at 5750 Bintliff Drive, Houston, Texas 77036. ADV can be served with process through its registered agent, John Robert Ledford II, at its registered address, 5750 Bintliff Drive, Suite 217, Houston, Texas 77036. John Robert Ledford II is President, Director and Owner of ADV.

4.  Defendant John Robert Ledford II ("John Ledford II") is an individual who may be served at his place of business at 5750 Bintliff Drive, Houston, Texas 77036, or at his home at 1005 South Shepherd Drive, Apartment 408, Houston, Texas 77019. On information and belief, John Ledford II controls all of the other defendants in this matter.

5.  Defendant AEsir Holdings, L.L.C. ("AEsir") is a domestic limited liability company with its principal office located at 5644 Westheimer Road, Suite 412, Houston, Texas 77056. AEsir may be served with process by serving its registered agent, Net Master Holdings, L.L.C. ("Net Master"), through Net Master's manager, Mark C. Williams, at AEsir's registered address or at Mr. Williams' residence, 9647 Inwood Drive, Houston, Texas 77042. Net Master is the managing member of AEsir. Net Master's principal, Mark Williams, was Chief Information Officer for ADV.

6.  Defendant Seraphim Studios, L.L.C. ("Seraphim") is a domestic limited liability company with its principal office located at 14027 Memorial Drive, Suite 318, Houston, Texas 77076. Seraphim may be served with process through its registered agent, Griffin D. Vance IV ("Griffin Vance"), at 908 Town & Country Boulevard, Suite 120, Houston, Texas 77024. Griffin Vance was Vice President of Legal Affairs for ADV. Seraphim's members are Matt

Greenfield, co-founder of ADV, and Janice Williams, a producer for ADV and the wife of ADV's Chief Operating Officer.

7. Defendant Sxion 23, L.L.C. ("Sxion") is a domestic limited liability company with its principal office located at 9692 Westheimer Road, Suite 164, Houston, Texas 77063. Sxion may be served with process through its registered agent, Griffin Vance (former Vice President of Legal Affairs for ADV), 908 Town and Country Boulevard, Suite 120, Houston, Texas 77024. Sxion does business under the name "Section 23 Films." The initial members were ADV co-founder Matt Greenfield and former ADV producer Janice Williams.

8. Defendant Valkyrie Media Partners, L.L.C. ("Valkyrie") is a domestic limited liability company with its principal office located at 908 Town & Country Boulevard, Suite 120, Houston, Texas 77024, which is the law firm of Griffin Vance (former Vice President of Legal Affairs for ADV). Valkyrie may be served with process through its registered agent, Griffin Vance, at its registered address. Valkyrie's managers are ADV co-founder Matt Greenfield, former ADV producer Janice Williams, and Net Master, which is owned by former ADV CIO Mark Williams.

9. Defendant Sentai Filmworks, L.L.C. ("Sentai Filmworks") is a domestic limited liability company with its principal office located at 1005 South Shepherd Drive, Apartment 408, Houston, Texas 77019, which is the home of John Ledford II. Sentai Filmworks may be served with process through its registered agent, John Ledford II, as its registered address. John Ledford II is the governing person of Sentai Filmworks.

10. Defendant Sentai Holdings, L.L.C. ("Sentai Holdings") is a domestic limited liability company with its principal office located at 5750 Bintliff Drive, Houston, Texas 77036, which is the same address as ADV. Sentai Holdings may be served with process through its registered agent, John Ledford II, as its registered address, or at his home, 1005 South Shepherd

3

Certified Document Number: 50461522 - Page 3 of 15

Drive, Apartment 408, Houston, Texas 77019. John Ledford II is the managing person of Sentai Holdings.

11. Defendant Unio Mystica Holdings, L.L.C. ("Unio Mystica") is a domestic limited liability company with its principal office located at 5116 Bissonnet Street, Suite 118, Bellaire, Texas 77401. Unio Mystica may be served with process through its registered agent, "Brian Greenfield," at its registered address. The managers and owners of Unio Mystica are John Ledford II and "Brian Greenfield." Unio Mystica does business under the name Switchblade Pictures. On information and belief, Brian Greenfield is the same person as Matt Greenfield, who also uses the alias Brian Granveldt.

### C. JURISDICTION

12. This Court has subject matter jurisdiction as the amount in controversy is within the jurisdictional limits of this Court.

### D. VENUE

13. Venue is proper in Harris County, Texas. Specifically, all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County and/or Defendants are residents of Harris County.

### E. FACTS

14. Defendant ADV (abbreviated for "Animation Dubbing Vision") was, until 2009, a leading U.S. owner of Japanese anime and manga intellectual property franchises. In May 2006, ADV entered into a Strategic Alliance and Content Acquisition Facility Agreement and a Security Agreement with third party ARM, pursuant to which ADV acquired licenses in certain Japanese anime franchises from ARM and undertook an indebtedness to ARM. These agreements were amended by a Rescheduling Agreement dated September 11, 2007. Collectively, these are referenced as the "ADV Agreements."

4

15. On January 8, 2008, ARM declared ADV to be in default of the parties' agreements.

16. ARM assigned to FUNimation its right to enforce the ADV Agreements as against ADV, assigning in relevant part the payment and default provisions. ARM also sold to FUNimation certain receivables owed to ARM by ADV. FUNimation is consequently a creditor of ADV with respect to the debts that arose under the ADV Agreements. ADV remains in default of its obligations, which now run to FUNimation.

17. On information and belief, at all times relevant to the above-styled action, John Ledford II was the controlling shareholder of ADV.

18. In May 2008, John Ledford II and an individual identified as "Brian Greenfield" (on information and belief, Matt Greenfield or a relative of Matt Greenfield) purchased a company called Uniomystica LLC. They later changed the name to Unio Mystica Holdings LLC.

19. In August 2008, John Ledford II formed Sentai Holdings and Sentai Filmworks. The registered address for both entities is an apartment in the residential "Renoir Lofts." Records of the Harris County Appraisal District indicate that it is John Ledford II's home.

20. In the week between May 20 and 28, 2009, Mr. Ledford and a group of ADV insiders including ADV co-founder Matt Greenfield, ADV producer Janice Williams, and ADV vice president of legal affairs Griffin D. Vance IV together formed four companies: Sxion, AEsir, Valkyrie, and Seraphim.

21. Most of ADV's employees were transferred to Sxion, which began doing business as Section 23 Films.

22. Immediately upon forming the four new shell companies (Sxion, AEsir, Valkyrie, and Seraphim), ADV and John Ledford II caused ADV to transfer substantially all of its assets to

5

these four companies and to the companies that Ledford had formed or purchased in 2008 (Unio Mystica, Sentai Holdings and Sentai Filmworks). Collectively, these seven companies are referred to as "the Transferee Defendants." As a result of these transfers:

  a. Sentai Filmworks became the new licensor for Japanese anime titles, replacing ADV as licensor.

  b. Aesir received most of the titles in ADV's existing library and immediately licensed many of them to Sentai Filmworks.

  c. Seraphim acquired Amusement Park Media, which was ADV's production studio.

  d. Valkyrie acquired a 100% equity interest in the Anime Network, which was ADV's television unit.

  e. Unio Mystico, doing business as Switchblade Pictures, became the distributor of "Asian Shock" cinema (explicitly violent and sexually oriented horror films) and "Pink" cinema (softcore pornography).

  f. Sxion, doing business as Section 23 Films, became the distributor for its sister companies Unio Mystico (Switchblade), Sentai Filmworks and Aesir. Sxion (Section 23) is known in the anime community as the "new ADV." One blogger, who identified the ADV asset transactions as one of the "Top 5 Industry Disasters of the Decade," observed that "ADV Films essentially sold itself to itself. The company was split to take advantage of a number of legal loopholes. The company runs now, same as it ever did."

  g. Following the transfers, ADV functioned as a service provider to Unio Mystico (Switchblade) and to Sxion (Section 23), providing, among other things, distribution, packaging and home video functions for the films.

23. On September 1, 2009, ADV for the first time publicly disclosed the transfer of assets to the Transferee Defendants. ADV owner and president John Ledford II described the catalog of transferred titles as encompassing "hundreds of properties and many thousand hours of content," in addition to valuable production assets and distribution functions. News coverage reported that ADV "is shutting down after transferring its assets to several other companies that will continue its operations." One news source described the transfer by asking, "So really, what was announced today? While the details will come out in the next few days, it's pretty obvious that it's not much more than a corporate restructuring that moves intellectual assets away from a dysfunctional corporate entity that has credit problems and hostile shareholders." Another source observed that the d/b/a of Defendant Sxion films, "Section 23," "is a not-so-subtle reference to a part of Texas tax law that allowed ADV to pretty much legally hide their assets from their creditors and the Japanese."

24. Mr. Ledford failed to provide Plaintiff with prior notice of the transfer. The transfer was not publicly disclosed until more than three months after it was complete. At the time of the transfer, ADV and Ledford were aware of the declaration of default by ARM, FUNimation's predecessor in interest. Also at the time of the transfer, on information and belief, ADV was insolvent and/or planned to cease doing business and/or was rendered unable to continue to do business by virtue of the transfer. Also on information and belief, ADV did not receive equivalent value for the transfer of its assets.

### F. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT

25. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

7

26. ADV's failure to make payments under the ADV Agreements constitutes a material breach and wrongful repudiation of the ADV Agreements for which ADV is liable to FUNimation in damages.

27. As transferee of substantially all of ADV's intellectual property licenses, the Transferee Defendants succeeded to ADV's contractual liability under the ADV Agreements. The Transferee Defendants are liable to FUNimation for the breach of the ADV Agreements.

28. By reason of ADV's respective material breach and wrongful repudiation of its obligations under the ADV Agreements, Plaintiff is owed and has sustained damages in an amount to be proven at trial but currently estimated to be approximately $8,000,000, plus interest, costs, and attorneys' fees, no part of which has been paid although duly demanded.

### G. CLAIM FOR AVOIDANCE OF AND/OR DAMAGES RESULTING FROM FRAUDULENT CONVEYANCE

29. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

30. ADV and Mr. Ledford transferred the property of ADV to the Transferee Defendants. Such transfer was made with the intent to defer, hinder or defraud the creditors of ADV, including Plaintiff, and/or in the alternative, such transfer was made without receiving reasonably equivalent value in exchange for the transfers.

31. Intent to defraud may be shown by, *inter alia*, the insider nature of each and every of the transferees, which entities are commonly controlled by Defendant Ledford; the fact that Defendant Ledford ultimately retained control of the assets following the transfer; that the transfer was of substantially all of ADV's assets; that the transfer was concealed until after it was complete; that ADV had been threatened with legal action through the formal declaration of default prior to the transfer; and that the transfer occurred within months after the default was

8

declared. Upon information and belief, ADV was insolvent at the time of each transfer or became insolvent as a result of such transfers. Such transfers constitute fraudulent conveyances.

32.     Plaintiff is owed and has sustained damages in an amount to be proven at trial but currently estimated to be approximately $8,000,000, plus interest, costs, and attorneys' fees, as the result of such fraudulent conveyances to the extent that it is unable to enforce the ADV Agreements against ADV.

33.     Plaintiff discovered the fraudulent conveyance of assets and conspiracy to fraudulently convey assets after September 1, 2009, which was the first time that such transfers were publicly disclosed.

### H. CLAIM FOR BREACH OF FIDUCIARY DUTY TO CREDITORS

34.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

35.     At all material times, ADV was unable to pay its debts as they became due in the usual course of business. At the time of the transfers to the Transferee Defendants, ADV was insolvent and/or in the "zone of insolvency." During this period, the officers and directors of ADV, including John Ledford II, owed a fiduciary duty to the creditors of ADV, including FUNimation, to preserve the assets of ADV in order to make a pro rata distribution to all creditors in accordance with their priority. Instead, Ledford caused ADV to transfer substantially all of its assets to related companies also controlled by him and/or other ADV insiders. Ledford thereby breached his fiduciary duties to FUNimation.

9

### I. CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY TO CREDITORS

36. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

37. The Transferee Defendants and ADV knowingly aided and abetted Defendant Ledford in breaching fiduciary duties to Plaintiff owed as a result of ADV's insolvency or near insolvency, thus causing damage to Plaintiff.

### J. IMPOSITION OF TRUST FUND LIABILITY

38. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

39. At all material times, ADV was unable to pay its debts as they became due in the usual course of business. During this period of insolvency and/or in the zone of insolvency, the assets of ADV became a trust fund for the benefit of the creditors of ADV. ADV and/or John Ledford II negligently and/or intentionally made distributions to shareholders, made preferential payments to certain creditors and not others, transferred assets for less than fair market value and/or failed to make pro rata distributions of assets to their creditors, such that Plaintiff did not receive its proportionate share of the assets of ADV.

### K. CLAIM FOR AVOIDANCE OF TRANSFER AND/OR DAMAGES RESULTING FROM DENUDING OF CORPORATE ASSETS

40. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

Certified Document Number: 50461522 - Page 10 of 15

41. John Ledford II allowed substantially all the assets of ADV to be transferred, yet retained the value of those assets through his control of the related entities that are the Transferee Defendants. Plaintiff FUNimation is entitled to avoidance of the improper transfer and damages resulting from the inability of ADV to answer for its default as a result of the improper transfer.

### L. CLAIM FOR CONSTRUCTIVE TRUST

42. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

43. Defendants have engaged in fraudulent transfers and/or constructive fraud as defined as the breach of a legal or equitable duty and/or breaches of fiduciary duty and aiding and abetting the same, thus causing unjust enrichment to Defendants.

44. Plaintiff seeks the imposition of a constructive trust upon the assets that ADV conveyed as described above for the benefit of Plaintiff and to satisfy the obligations of Defendants to Plaintiff. Plaintiff is entitled to the imposition of a constructive trust in equity as the assets of ADV rightfully belong to ADV and its creditors, namely Plaintiff. Allowing the assets to be transferred to the Transferee Defendants would unjustly enrich the entities and individuals involved.

### M. CLAIM FOR CIVIL CONSPIRACY

45. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

46. The Transferee Defendants, John Ledford II, and ADV acted in concert for the purpose of furthering the breaches effected by the transfer of property by ADV and Ledford, thereby causing damage to Plaintiff. The above described conduct constitutes a conspiracy to

11

fraudulently convey assets and/or to breach a fiduciary duty owed to the Plaintiff. Plaintiff is owed and has sustained damages in an amount to be proven at trial but currently estimated to be approximately $8,000,000, plus interest, costs, and attorneys' fees, as the result of such conspiracy.

### N. CLAIM TO AVOID UNJUST ENRICHMENT

47. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

48. The Transferee Defendants will be unjustly enriched if allowed to retain the funds and assets received as a result of the wrongful transfer by ADV. Defendants have engaged in fraudulent transfers, the breach of a fiduciary duty, the tort of aiding and abetting such breach, and constructive fraud as defined as the breach of a legal or equitable duty. This Court may impose equitable and legal remedies to prevent unjust enrichment that otherwise would result from the commission of such torts.

### O. ATTORNEYS' FEES

49. Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

50. Due to Defendants' breaches of the written contract and other breaches described above, it has been necessary for Plaintiff to obtain legal counsel to prosecute this suit. As a result, Plaintiff is entitled to recover its reasonable and necessary fees and costs for prosecuting this suit.

### P. EXEMPLARY DAMAGES

51.  Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

52.  Defendants' conduct was a particularly wanton and malicious nature. Therefore, pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code, Plaintiff is entitled to exemplary damages from Defendants in an amount within the jurisdictional limits of this court.

### Q. INTEREST

53.  Plaintiff repeats, realleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of Plaintiff's Original Petition with the same force and effect as if the same were more fully set forth herein.

54.  Plaintiff seeks pre and post judgment interest in the amounts due each at the maximum rate permitted by Texas law.

### R. JURY DEMAND

55.  Plaintiff hereby demands a jury trial and tenders the appropriate fee.

### S. REQUEST FOR DISCLOSURE

56.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2(a)-(l) at Conner & Winters, L.L.P., 440 Louisiana Street, Suite 1150, Houston, Texas 77002.

### T. PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have:

a.  Judgment against Defendants in an amount to be proven at trial;

b. Judgment declaring the transfer of assets by ADV as described above as null, voided and without effect;

c. Judgment imposing a constructive trust upon the assets of ADV conveyed as described above for the benefit of Plaintiff and to satisfy the obligations of ADV to Plaintiff;

d. Judgment against Defendants awarding Plaintiff exemplary damages;

e. Judgment against Defendants in the amount of Plaintiff's reasonable attorneys' fees and expenses;

f. Prejudgment and post-judgment interest as allowed by law;

g. Costs of suit; and

h. Such other and further relief to which Plaintiff is justly entitled.

Certified Document Number: 50461522 - Page 14 of 15

Respectfully submitted,

**CONNER & WINTERS, LLP**

*[signature]*

Lauren J. Harrison, SBN. 24025840
440 Louisiana, Suite 1150
Houston, TX 77002
Direct No.: (713) 495-2424
Facsimile: (713) 495-2421
E-Mail:  lharrison@cwlaw.com

Attorney for Plaintiff
FUNimation Entertainment



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 1, 2012

Certified Document Number:        50461522 Total Pages:  15

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**