IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FUNimation ENTERTAINMENT,<br>　　　*Plaintiff* | CIVIL ACTION NO. 4:12-cv-1736 |
| v. | JURY DEMAND |
| A.D. VISION, INC., JOHN ROBERT LEDFORD II, AESIR HOLDINGS L.L.C., SXION 23 L.L.C., SERAPHIM STUDIOS, L.L.C., VALKYRIE MEDIA PARTNERS, L.L.C.SENTAI FILMWORKS, L.L.C., SENTAI HOLDINGS, L.L.C., and UNIO MYSTICA HOLDINGS, L.L.C., f/k/a UNIOMYSTICA, L.L.C. d/b/a SWITCHBLADE PICTURES,<br>　　　*Defendants.* | |
| A.D. VISION, INC.<br>　　　*Third-party Plaintiff*, | |
| v. | |
| FUNIMATION PRODUCTIONS, LTD., ANIMEONLINE, LTD., FUNIMATION GP, LLC, FUNIMATION LP, LLC, FUNIMATION HOLDINGS, LLC, ANIME HOLDINGS, LLC, FUNIMATION LP, LLC and GEN FUKUNAGA,<br>　　　*Third-party Defendants*. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    On August 22, 2012, counsel for all parties conferred. Lauren Harrison, Kyle Herbert, and Chris Lacy participated.

{HD038889.1}                                                1

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Not applicable.

3. **Briefly describe what this case is about.**

   FUNimation seeks to collect a receivable that was assigned to it and for which it claims ADV is liable. FUNimation has sued parties related to ADV on the ground that ADV allegedly fraudulently transferred assets to them in an effort to avoid its debt to FUNimation. ADV and its principal, John Ledford, have filed counterclaims against FUNimation and cross-claims against related entities, claiming, among other things, that they have violated U.S. antitrust laws by seeking to monopolize certain media markets.

4. **Specify the allegation of federal jurisdiction.**

   29 U.S.C. § 1331; 28 U.S.C. § 1441.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties exchanged disclosures under the Texas Rules of Civil Procedure prior to removal.

10. **Describe the proposed agreed discovery plan, including:**

    Discovery commenced in connection with the state court proceeding prior to removal, but ceased upon removal of the case from state court pending the initial scheduling conference with the Court..

    A.  **Responses to all of the matters raised in Rule 26(f).**
    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**
    C.  **When and to whom the defendant anticipates it may send interrogatories.**
    D.  **Of whom and by what date the plaintiff anticipates taking oral depositions.**
    E.  **Of whom and by what date the defendant anticipates taking oral depositions.**
    F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
    G.  **Expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking, and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**
    H.  **List expert depositions that the opposing party anticipates taking, and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Counterclaim and Cross-Claim Defendants plan to seek dismissal of all claims against them on the ground that they do not meet federal pleading standards, are legally deficient and fail to state a claim. It is their position that discovery of the claims subject to that motion should be stayed pending resolution, to prevent needless expense, burden and injustice. The deadlines suggested herein are made subject to that objection.

    Defendants belief that discovery should proceed in accordance with the Federal Rules of Civli Procedure.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Discovery has commenced in connection with the state court proceeding prior to removal and is ongoing.

13. **State the date by which the planned discovery can reasonably be completed.**

    The Counterclaim and Cross-Claim defendants will seek to stay discovery pending the outcome of motions to dismiss. If discovery is not stayed, the parties believe it can be completed by July 5, 2013.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

    The parties will consider mediation.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    There have been no settlement discussions at this time.

16. **From the attorney's discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in the case.**

    Mediation would be appropriate. The parties will seek rulings to narrow the issues prior to mediation.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial by a magistrate judge.

18. **State whether a jury demand has been made and whether it was made on time.**

    Yes.

19. **Specify the number of hours that it will take to present the evidence in this case.**

    If all claims currently on file were to be tried, the parties estimate the trial will take one month.

20. **List pending motions that can be resolved at the initial pretrial and scheduling conference.**

    A.D. Vision, Inc. and John Ledford's 12(B)(1) Motion to Dismiss and Memorandum of Law in Support

21. **List other pending motions.**

    None at this time.

22. **Indicate other matters peculiar to the case, including discovery issues, that deserve the special attention of the Court at the conference.**

    The Counterclaim and Cross-Claim defendants will seek to stay discovery pending the outcome of their anticipated motions to dismiss.

23. **Certify that all parties have filed Disclosure of Interested Parties, as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original disclosures and any amendments.**

    All parties have filed their original Disclosure of Interested Parties, as listed below:

    July 27, 2012    AEsir Holdings, LLC; Sxion 23, LLC; Valkyrie Media Partners, LLC; Seraphim Studios, LLC; Sentai Filmworks, LLC; Sentai Holdings, LLC; and Unio Mystica Holdings, LLC f/k/a Uniomystica, LLC d/b/a Switchblade Pictures; and Net Master Hosting, LLC (Doc. 8)

    A.D. Vision and John Ledford (Doc. 9)

    July 28, 2012    FUNimation Entertainment (Doc. 10)

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    1. Attorneys for Plaintiff FUNimation Entertainment and Third-Party Defendants FUNimation Productions, Ltd., AnimeOnline, Ltd., FUNimation GP, LLC; FUNimation LP, LLC; FUNimation Holdings, LLC; Anime Holdings, LLC; and Gen Fukunaga

        Lauren J. Harrison
        Attorney-in-Charge
        State Bar No. 24025840
        Fed. Id. No. 30232
        lharrison@joneswalker.com
        Rebecca Clausen
        State Bar No. 24039453
        Fed. Id. No. 36308
        rclausen@joneswalker.com
        JONES, WALKER, WAECHTER, POITEVENT,
        CARRERE & DENEGRE
        1001 Fannin, Suite 2450
        Houston, Texas  77002
        713.437.1800
        713.437.1810 (facsimile)

    2.       Attorneys for A.D. Vision, Inc. and John Robert Ledford, II

              Chris Lacy
              State Bar No. 24046258
              Fed. Id. No. 578680
              clacy@azalaw.com
              Lauren Reeder
              State Bar No. 24070568
              Fed. Id. No. 1098793
              lreeder@azalaw.com
              AHMAD, ZAVITSANOS, ANAIPAKOS,
              ALAVI & MENSING, P.C.
              1221 McKinney, Suite 3460
              Houston, Texas   77010
              713.600.4921
              713.655.0062 (facsimile)

    3.       Attorneys for Defendants AEsir Holdings, LLC; Sxion 23, LLC; Valkyrie Media Partners, LLC; Seraphim Studios, LLC; Sentai Filmworks, LLC; Sentai Holdings, LLC; and Unio Mystica Holdings, LLC f/k/a Uniomystica, LLC d/b/a Switchblade Pictures and Net Master Hosting, LLC

              Kyle C. Herbert
              Attorney-in-Charge
              State Bar No. 24043724
              Fed. Id. No. 589113
              kherbert@shmsfirm.com
              Shane A. McClelland
              State Bar No. 24046383
              Fed. Id. No. 642324
              smcclelland@shmsfirm.com
              SIMON HERBERT MCCLELLAND & STILES, LLP
              3411 Richmond Avenue, Suite 400
              Houston, Texas   77046
              713.987.7100
              713.987.7120 (facsimile)

Respectfully submitted,

By: */s/ Lauren J. Harrison*
**LAUREN J. HARRISON**
lharrison@joneswalker.com
Attorney-in-Charge
Fed. Id. No. 30232
State Bar No. 24025840
**REBECCA CLAUSEN**
rclausen@joneswalker.com
Fed. Id. No. 36308
State Bar No. 24039453
1001 Fannin, Suite 2450
Houston, Texas  77046
713.437.1800
713.437.1810 (facsimile)

OF COUNSEL:
**JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE**

**ATTORNEYS FOR PLAINTIFF
FUNIMATION ENTERTAINMENT AND
THIRD-PARTY DEFENDANTS
FUNIMATION PRODUCTIONS, LTD.,
ANIMEONLINE, LTD., FUNIMATION GP,
LLC, FUNIMATION LP, LLC, FUNIMATION
HOLDINGS, LLC, ANIME HOLDINGS, LLC,
and GEN FUKUNAGA**

By: */s/ Chris Lacy*
**CHRIS LACY**
clacy@azalaw.com
Attorney-in-Charge
Fed. Id. No. 578680
State Bar No. 24046258
**LAUREN REEDER**
lreeder@azalaw.com
Fed. Id. No. 1098793
State Bar No. 24070568
1221 McKinney, Suite 3460
Houston, Texas   77010
713.600.4921
713.655.0062 (facsimile)

OF COUNSEL:
**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.**

**ATTORNEYS FOR A.D. VISION AND
JOHN ROBERT LEDFORD, II**

By: */s/ Kyle C. Herbert*
**KYLE C. HERBERT**
kherbert@shmsfirm.com
Attorney-in-Charge
Fed. Id. No. 589113
State Bar No. 24043724
**SHANE A. McCLELLAND**
smcclelland@shmsfirm.com
Fed. Id. No. 642324
State Bar No. 24046383
3411 Richmond Avenue, Suite 400
Houston, Texas   77046
713.987.7100
713.987.7120 (facsimile)

OF COUNSEL:
**SIMON HERBERT MCCLELLAND
  & STILES, LLP**

**ATTORNEYS FOR DEFENDANTS AESIR HOLDINGS, LLC; SXION 23, LLC; VALKYRIE MEDIA PARTNERS, LLC; SERAPHIM STUDIOS, LLC; SENTAI FILMWORKS, LLC; SENTAI HOLDINGS, LLC; AND UNIO MYSTICA HOLDINGS, LLC F/K/A UNIOMYSTICA, LLC D/B/A SWITCHBLADE PICTURES AND NET MASTER HOSTING, LLC**